Slip Op. 16-113

# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| **QINGDAO BARRY FLOORING CO., LTD.**<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>**UNITED STATES**,<br><br>　　　　　　　　　　Defendant. | Before: Timothy C. Stanceu, Chief Judge<br><br>Court No. 15-00056 |

[Dismissing the action for mootness]

## OPINION

　　*Lizbeth R. Levinson*, *Ronald M. Wisla*, and *Brittney R. McClain*, Kutak Rock LLP, of Washington, DC, argued for plaintiff.

　　*Tara K. Hogan*, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, argued for defendant. With her on the briefs were *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, *Jeanne E. Davidson*, Director, and *Claudia Burke*, Assistant Director. Of counsel for defendant was *Shelby M. Anderson*, Office of the Chief Counsel for Trade Enforcement & Compliance, U.S. Department of Commerce, of Washington, DC.

　　Stanceu, Chief Judge: Plaintiff Qingdao Barry Flooring Co., Ltd. ("Qingdao Barry") commenced this action "to obtain a writ of mandamus compelling the U.S. Department of Commerce ("Commerce") to conduct a new shipper's review ("NSR") of Qingdao Barry's shipment of multilayered wood flooring ("MLWF") from the People's Republic of China." Compl. ¶ 1 (Mar. 2, 2015), ECF No. 6. Due to administrative actions taken by Commerce, which occurred after the commencement of this action on March 2, 2015, *see id.*, the court concludes that the action is now moot and, accordingly, must be dismissed for lack of jurisdiction.

## I. BACKGROUND

On October 26, 2015, the International Trade Administration, U.S. Department of Commerce ("Commerce" or the "Department") published a notice in the Federal Register announcing that it was initiating a new shipper review of an antidumping duty order on multilayered wood flooring from China according to Section 751(a)(2)(B) of the Tariff Act of 1930, 19 U.S.C. § 1675(a)(2)(B), and 19 C.F.R. § 351.214(b), in response to a request submitted to Commerce by Qingdao Barry on December 19, 2014 and supplemented thereafter.[1] *Multilayered Wood Flooring from the People's Republic of China: Initiation of Antidumping Duty New Shipper Review; 2013-2014*, 80 Fed. Reg. 65,200 (Int'l Trade Admin. Oct. 26, 2015). Commerce designated December 1, 2013 through November 30, 2014 as the period of review for the new shipper review. *Id.*

Commerce published a second Federal Register notice on June 2, 2016 stating its preliminary determination to rescind the review on the ground that the single sale of exported multilayered wood flooring to the United States upon which Qingdao Barry relied for its entitlement to a new shipper review was not a "bona fide" sale. *Multilayered Wood Flooring from the People's Republic of China: Preliminary Rescission of 2013-2014 New Shipper Review*, 81 Fed. Reg. 35,306 (Int'l Trade Admin. June 2, 2016). Commerce gave the following as the reason for its preliminary decision as to the sale in question:

> The Department reached this conclusion based on the totality of circumstances surrounding the reported sale, including, among other things, the price of the sale and Qingdao Barry's failure to provide evidence that the subject merchandise was resold at a profit. Because the non-bona fide sale was the only reported sale of subject merchandise during the POR, and thus there are no reviewable transactions on this record, we are preliminarily rescinding the instant NSR.

---

[1] Citations to the United States Code are to the 2012 edition, and citations to the Code of Federal Regulations are to the 2015 edition.

*Id.* at 35,307. On July 19, 2016, Commerce published a third Federal Register notice affirming its preliminary conclusion that the sale was not bona fide and reaching a final decision to rescind the new shipper review. *Multilayered Wood Flooring from the People's Republic of China: Rescission of New Shipper Review; 2013-2014*, 81 Fed. Reg. 46,906 (Int'l Trade Admin. July 19, 2016).

## II. Discussion

A federal court may exercise the judicial power granted by Article III of the Constitution only in the presence of an actual case or controversy. CONSTITUTION, Art. III, § 2. The court concludes that no live case or controversy remains such as to allow this action to proceed. The court rejects plaintiff's contentions to the contrary for the reasons discussed below.

At the time of commencing this suit, plaintiff Qingdao Barry had filed with Commerce and supplemented a request for initiation of a new shipper review under the relevant provision of the antidumping duty statute, 19 U.S.C. § 1675(a)(2)(B), but Commerce had taken no action. After this action was commenced, the parties entered into consultations, following which the parties informed the court "of their view that, this action having commenced, Commerce now may lack the authority to initiate and conduct the requested new shipper review unless first granted the leave of court to do so." *Order* 1 (Oct. 14, 2015), ECF No. 23. In its Order of October 14, 2015, the court stated that "[w]ithout deciding this question, the court is entering this Order to clarify that Commerce has the necessary authority to initiate and conduct the review, so that the parties' efforts to resolve the issue in this case may proceed." *Id.* To this end, the court ordered that "Commerce be, and hereby is, granted the permission of the court, to the extent such permission is or may become necessary, to initiate and conduct the requested new shipper review." *Id.* at 2.

The Department's issuance of the three Federal Register notices discussed above, i.e., the notice initiating the new shipper review, the preliminary notice of intention to rescind, and the final notice of rescission, has not resulted in a settlement of this case.  Plaintiff takes the position that Commerce "failed to comply with the Court's Order to 'initiate and conduct' the new shipper review." Status Report of Pl. Qingdao Barry Flooring Co., Ltd. and Req. for Relief 1 (July 18, 2016), ECF No. 25.  According to plaintiff, "[a]lthough Commerce did initiate the new shipper review, Commerce failed to conduct the new shipper review in accordance with the statute and Commerce's own regulations." *Id.*  In an effort to continue this litigation, plaintiff argues specifically that "Commerce improperly truncated the review so as to coincide with the deadline for the 2013-2014 regular administrative review" and "failed to conduct a public hearing in this matter" as required by regulation. *Id.* at 2; Joint Status Report and Proposed Briefing Schedule (Oct. 26, 2016), ECF No. 15, at 1-2.  Defendant argues that this case should be dismissed, giving among its reasons that "Qingdao Barry has received the relief it sought in its complaint: Commerce has initiated and conducted a new shipper review." Def.'s Status Report 3 (July 22, 2016), ECF No. 26.

The court begins by considering the true nature of plaintiff's claim when viewed according to the only jurisdictional provision upon which it possibly could have been brought. Plaintiff asserted jurisdiction under 28 U.S.C. § 1581(c) and, as an alternative basis, 28 U.S.C. § 1581(i).  Under § 1581(c), the court may hear actions commenced under Section 516A of the Tariff Act of 1930, 19 U.S.C. § 1516a, to contest certain final decisions reached in antidumping duty proceedings, including the final results of a new shipper review, but nothing in 19 U.S.C. § 1516a or 28 U.S.C. § 1581(c) grants the court subject matter jurisdiction of a claim that Commerce unlawfully has refused to initiate or refused to conduct a new shipper review.  Under

28 U.S.C. § 1581(i), the "residual" jurisdiction provision, the court may take jurisdiction of various actions arising under the tariff laws; such actions may arise either under the Constitution or, as is relevant here, the Administrative Procedure Act (the "APA"). *See Motion Sys. v. Bush*, 437 F.3d 1356, 1370-71 (Fed. Cir. 2006). Plaintiff's claim arguably is of a type that would have arisen under the APA, over which the court might have exercised jurisdiction according to 28 U.S.C. § 1581(i), but the court need not resolve this issue because any action plaintiff could have brought thereunder is no longer based on a current case or controversy and, for this reason, beyond the Article III power of the court to adjudicate.

The claim as set forth in plaintiff's complaint and the subsequent actions by Commerce remove any doubt that this action is moot. The injury of which plaintiff complained was the Department's failure to initiate and conduct a new shipper review of Qingdao Barry. Compl. ¶ 1, Prayer for Relief. Plaintiff argues now that Commerce failed to adhere to the statutory and regulatory deadlines by which it was required to conduct the new shipper review and that Commerce unlawfully failed to hold a public hearing; based on these allegations plaintiff submits that Commerce did not conduct a *lawful* new shipper review. Status Report of Pl. Qingdao Barry Flooring Co., Ltd. and Req. for Relief at 1-2. However, these are objections as to *how* the review was conducted, not as to *whether* the review was conducted.[2] The Department's three Federal Register notices, of which the court takes judicial notice in ascertaining jurisdictional facts, demonstrate a fact about which there can be no controversy: a new shipper review of Qingdao Barry was initiated and conducted. Qingdao Barry's claim that the review

---

[2] Plaintiff also is incorrect in arguing that Commerce "failed to comply with the Court's Order to 'initiate and conduct' the new shipper review." Status Report of Pl. Qingdao Barry Flooring Co., Ltd. and Req. for Relief 1 (July 18, 2016), ECF No. 25, at 1. The court's order, as discussed above, merely clarified that Commerce had the authority to initiate and conduct the review; it did not order Commerce to take any administrative action.

Case 1:15-cv-00056-TCS   Document 27   Filed 12/02/16   Page 6 of 6

Court No. 15-00056                                                                                              Page 6

was not conducted according to law could be asserted only in an action contesting the final results of the new shipper review, not in the instant case, which plaintiff brought *before* the Department conducted that review and published any of the three Federal Register notices.[3]

### III. CONCLUSION

For the reasons discussed in the foregoing, the court will enter judgment dismissing this action for lack of jurisdiction.

/s/ Timothy C. Stanceu
Timothy C. Stanceu
Chief Judge

Dated: December 2, 2016
New York, New York

---

[3] Qingdao Barry has filed a second case, Court No. 16-00144, contesting the final results of the new shipper review.